UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Luis Alberto Esteban-Mendez <br> A209-827-315 <br>           Petitioner <br><br> V. <br><br> Pam Bondi, Attorney General; <br> Kristi Nome, Secretary of Homeland <br> Security; Todd Lyons, Acting Director <br> Immigration Customs and Enforcement; <br> Michael J. Krol, Homeland Security <br> InvestigationNew England Special Agent in <br> Charge; and Patricia Hyde, ICE <br> Enforcement and Removal Operations <br> Boston Acting Field Office Director <br><br>           Respondent | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**INTRODUCTION**

1. Petitioner, Luis Esteban-Mendez by and through his undersigned counsel, respectfully moves for an emergency hearing at the earliest possible time on the accompanying Petition for Writ of Habeas Corpus. This memorandum explains the reasons why an immediate hearing is necessary and sets forth the legal justification for issuance of the Writ of Habeas Corpus.

1

2. Emergency consideration of this request is sought because Petitioner's detention by Respondents is unlawful and to enjoin Respondent from transferring the Petitioner outside of jurisdiction of Massachusetts.

3. In support of this petition the Petitioner challenges his unlawful detention by the Immigration and Customs Enforcement branch ("ICE") of the Department of Homeland Security ("DHS") and is currently being held at the Plymouth County Correctional Facility ISGA - Plymouth, MA.

4. On June 9, 2025, the Chelmsford Immigration Court Immigration Judge Yul-Mi Cho released the Petitioner on $75,000 bond. Petitioner's family posted the bond on June 11, 2025, and Petitioner was released shortly thereafter. Upon release, ICE set forth additional conditions. Petitioner has been in compliance with all terms and conditions.

5. On August 5, 2025, at approximately 12:00 p.m. while working [landscaping] at a residential home at 11 Cedar Street in Burlington, ICE took Petitioner into custody. The ICE Officer failed to provide a reason for the detention.

6. Petitioner's counsel immediately contacted ICE at the Boston Field Office and no response was received. Petitioner's counsel also filed a Motion for a Bond Hearing with the Chelmsford Executive Office of Immigration Review (EOIR). The hearing is scheduled for Auguust 14th at 8:30 a.m..

## JURISDICTION

7. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. §§ 2241 et seq.; Art. I, § 9, Cl. 2 of the United States Constitution (the

"Suspension Clause"), and 28 U.S.C. § 1331, as Petitioner is presently in custody under the color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See *Zadvydas v. Davis,* 533 U.S. 678 (2001). This Court may may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8. Venue is proper because in this district because the facility where Petitioner is detained is within the territorial jurisdiction of this court.

## PARTIES

9. Petitioner is being detained by the Immigration and Customs Enforcement ("ICE"), within the Department of Homeland Security (DHS), Respondent Todd Lyons is in charge of ICE. Respondent Kristi Noem as the Secretary of Homeland Security has authority over all component of DHS. These Respondents exercise power and authority over aliens on a nationwide basis and are the custodians of Petitioner. Michael J. Krol is Homeland Security Investigations New England Special Agent in Charge and exercises power and authority over aliens for the New England Region.  Patricia Hyde, ICE Enforcement and Removal Operations Boston Acting Field Office Director. She is the immediate custodian of Petitioner. Respondent Pam Bondi as the Attorney General of the United States continues to exercise unique power over the affairs of aliens, particularly

with regard to the apprehension, detention, and removal. (See 8 U.S.C. §1103(a)(1); 8. U.S.C. §1222(a); 8. U.S.C. §1226(a) and (c); and 8. U.S.C. §1231(a)(2) and (6)).

10. Exhaustion is not required where (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.: *Howell v. INS* 72 F. 3d 288, 291 (2d Cir. 1995). All four circumstances are present in this case. Moreover, exhaustion may be exercised if "the interest of the individual in retaining prompt access to a federal judicial forum [outweigh] countervailing institutional interests favoring exhaustion McCarthy, 503 U.S. at 146.

## FACTUAL BASIS

11. Petitioner was taken, again into ICE custody on August 5, 2025, while at work in Burlington, MA. There is no rational basis for detention.

12. Petitioner has already posted a cash bond in the amount $75,000 to ensure Petitioner appears at future court proceedings. In addition, ICE imposed its own conditions and required Petitioner to be in its Intensive Supervision Appearance Program. As a result, Petitioner was fitted with an ankle bracelet monitor, download a check-in app, subjected to home visits, and in person check-ins.

13. Petitioner has been in compliance with all bond conditions.

14. Petitioner's continued detention is unwarranted, and no significant likelihood of removal exists in the reasonably foreseeable future.

15. Petitioner has an approved Special Juvenile Immigration Petition and pending asylum application.

16. Petitioner may face harm, persecution, or torture if removed to Guatemala.

17. Petitioner is concerned ICE will transfer Petitioner outside this jurisdiction depriving Petitioner of his due process rights.

## CLAIMS FOR RELIEF

18. Petitioner's detention regardless of the length of time is unreasonable and length of detention is recognized by the Supreme Court in *Zadvydas v. Davis*, and release here is not significantly likely in the reasonably foreseeable future.

19. Petitioner's detention without individualized review or justification violates the Due Process Clause.

20. ICE may make efforts to transfer Petitioner to another jurisdiction or effectuate removal. Such transfer or removal would interfere with this Court's jurisdiction and Petitioner's access to judicial review.

## RAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

21. Issue a writ of habeas corpus directing Respondents to release Petitioner from custody;

22. Enjoin Respondents from transferring or removing Petitioner from this District during the pendency of this action;

15. Petitioner has an approved Special Juvenile Immigration Petition and pending asylum application.

16. Petitioner may face harm, persecution, or torture if removed to Guatemala.

17. Petitioner is concerned ICE will transfer Petitioner outside this jurisdiction depriving Petitioner of his due process rights.

## CLAIMS FOR RELIEF

16. Petitioner's detention regardless of the length of time is unreasonable and length of detention is recognized by the Supreme Court in *Zadvydas v. Davis*, and release here is not significantly likely in the reasonably foreseeable future.

17. Petitioner's detention without individualized review or justification violates the Due Process Clause.

18. ICE may make efforts to transfer Petitioner to another jurisdiction or effectuate removal. Such transfer or removal would interfere with this Court's jurisdiction and Petitioner's access to judicial review.

## RAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

19.. Issue a writ of habeas corpus directing Respondents to release Petitioner from custody;

20. Enjoin Respondents from transferring or removing Petitioner from this District during the pendency of this action;

5

23. Declare Petitioner a prevailing party and award attorney fees and coats and Equal Access to Justice Act fees as the position of the United States in this matter is not substantially justified; and

24. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of August 2025.

*Nancy B. Norman*
Nancy B. Norman (BBO #545396)
Horrigan and Norman
330 Lynnway
Suite 111
Lynn, MA 01901
Tel: (781)-592-4666
E-mail: nancy@horrigannorman.com

## CERTIFICATE OF SERVICE

I, Nancy B. Norman, attorney for the Respondent, certify that I have served a true copy of the within documents to the following:

Office of the United States Attorney – District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
150 Apollo Drive, Suite 200
Chelmsford, MA 01824

ICE Enforcement & Removal Operations
Boston Field Office
1000 District Avenue
Burlington, MA 01803

Via ECF/ECAS, on this 6th day of August 2025.

*Nancy B. Norman*
Nancy B. Norman (BBO #545396)
Horrigan and Norman
330 Lynnway
Suite 111
Lynn, MA 01901
Tel: (781)-592-4666
E-mail:nancy@horrigannorman.com