# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS ALBERTO ESTEBAN-MENDEZ, <br><br> Petitioner, <br><br> v. <br><br> PATRICIA HYDE, Field Office Director, <br> TODD LYONS, Acting Director Immigration <br> Customs and Enforcement, <br> MICHAEL J. KROL, Homeland Security <br> Investigations New England Special Agent in <br> Charge, <br> KRISTI NOEM, U.S. Secretary of Homeland <br> Security <br> And PAM BONDI, Attorney General, <br><br> Respondents. | Civil Action No. 1:25-cv-12206-AK |

## RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this opposition to Petitioner Luis Alberto Esteban-Mendez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). Doc. No. 1. Respondents respond to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases.[1]

---

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response and dismissing habeas petition under Section 2254 Rules).

## **INTRODUCTION**

This Court cannot extend the writ of habeas corpus unless an individual "is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241(c)(3). A habeas petitioner must also name his immediate custodian as a respondent to the action because a writ of habeas corpus granted by a district court "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Here, Petitioner did not name his immediate custodian, and he fails to carry his burden to demonstrate that his arrest and detention by U.S. Immigration and Customs Enforcement ("ICE") violate the Immigration and Nationality Act ("INA"), its implementing regulations, or the Constitution. Thus, the Petition should be denied.

While Petitioner asserts that his recent detention was unlawful as he had previously been released on bond by an Immigration Judge ("IJ"), he fails to acknowledge that the Board of Immigration Appeals ("BIA") granted ICE's motion to stay such bond order while ICE appeals the order asserting that the IJ erred in finding Petitioner was not a danger to the community on account of his recent and serious arrest for operating under the influence. After the BIA granted ICE's motion to stay Petitioner's release order, ICE had statutory authority to arrest Petitioner per 8 U.S.C. § 1226(b) which allows ICE "at any time [to] revoke a bond …, rearrest the alien under the original warrant, and detain the alien." ICE's procurement of a stay of a bond order from the BIA and subsequent re-detention of a previously released alien does not offend statute or the Constitution. *See El-Dessouki v. Cangemi,* No. CIV 063536 DSD/JSM, 2006 WL 2727191, at *3 (D. Minn. Sept. 22, 2006) ("Petitioner's disagreement with the BIA's expeditious resolution of ICE's motion in ICE's favor does not rise to a level of a violation of his right to procedural due process.").

To the extent Petitioner challenges either the BIA's decision to grant the stay of the IJ's bond order or ICE's decision to revoke Petitioner's bond and return him to custody, this Court lacks jurisdiction to review such decisions as 8 U.S.C. § 1226(e) unequivocally states that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  *See Pisciotta v. Ashcroft,* 311 F. Supp. 2d 445, 453 (D.N.J. 2004) (Explaining that "to the extent the Petitioner's complaint seeks relief from []ICE's determination to … to revoke his prior custody status …, this Court must dismiss this request for relief for lack of jurisdiction.").  Finally, as Petitioner acknowledges, he has a new bond hearing scheduled on August 14, 2025, and therefore he has failed to exhaust his available administrative remedies before seeking this Court's intervention.

For these reasons, Petitioner's challenge to his detention must be dismissed.

## **BACKGROUND**

### A.  **Petitioner's Immigration History**

Petitioner is a native and citizen of Guatemala who entered the United States without inspection or admission near Laredo, Texas on December 20, 2016.  *See* Declaration of Assistant Field Office Director, Keith Chan ¶¶ 6-7, attached as *Exhibit A*.  On December 22, 2016, Petitioner was encountered by U.S. Customs and Border Protection ("CBP") and taken into custody.  *Id.,* ¶ 8.  Thereafter, on December 22, 2016, Petitioner's custody was transferred to the Office of Refugee Resettlement ("ORR"), and he was released to a sponsor on or about February 13, 2017.  *Id.*  However, on December 22, 2016, Petitioner was served with a Notice to Appear ("NTA") which was filed with the Immigration Court on September 6, 2017, thereby initiating removal proceedings for the charge of inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  *Id.*, ¶¶ 9-10.  On April 29, 2025, the Immigration Court terminated

3

Petitioner's removal proceeding at his request. *Id.,* ¶ 11.

On May 15, 2025, the Wakefield Police Department arrested Petitioner for operating a motor vehicle under the influence of alcohol, failing to stop for police, possession of an open alcohol container in motor vehicle, speeding greater than a reasonable rate, and failure to drive in the right lane. *Id.,* ¶ 12. On May 19, 2025, the Malden District Court amended these charges to only operating a motor vehicle under the influence of alcohol. *Id.* This charge remains pending. *Id.,* ¶ 13. On May 21, 2025, ICE ERO officers arrested Petitioner in Lynn, Massachusetts and he was detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. *Id.,* ¶ 14. On that same day, Petitioner requested that an IJ review the custody determination. *Id.,* ¶ 15. On May 28, 2025, an NTA was filed with the Chelmsford Immigration Court, charging Petitioner as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.,* ¶ 16.

On June 9, 2025, the Immigration Court held a custody redetermination hearing, pursuant to 8 U.S.C. § 1226(a). *Id.,* ¶ 17. The IJ found that Petitioner posed a flight risk but released him on a $75,000 bond. *Id.* On or about June 12, 2025, ICE released Petitioner after he posted bond. *Id.,* ¶ 18. The following day, on June 13, 2025, ICE filed with the BIA a motion for a discretionary stay and a notice of appeal of the IJ's custody redetermination order, maintaining that the Petitioner is a danger to the community based upon the pending criminal charge for operating a motor vehicle under the influence of alcohol. *Id.,* ¶ 19. On June 16, 2025, the BIA granted the motion for a stay of execution of the bond order. *Id.,* ¶ 20. On June 26, 2025, Petitioner's counsel filed a motion to reconsider the BIA's grant of an emergency stay. *Id.,* ¶ 21. This motion to reconsider remains pending with the BIA. *Id.* On July 8, 2025, the BIA set a briefing schedule for the appeal of the custody redetermination order. *Id.,* ¶ 23. Both the Petitioner and ICE have filed legal briefs with the BIA. *Id.*

On August 5, 2025, ICE officers took Petitioner into custody, based upon the BIA's decision staying the execution of the bond order and pursuant to their authority under 8 U.S.C. § 1226(a) and (b).  *Id.,* ¶ 24.  On that same day, on August 5, 2025, Petitioner's counsel filed a motion for an emergency custody redetermination hearing. *Id.,* ¶ 25.  The Immigration Court has scheduled a custody hearing on August 14, 2025, for 9 a.m.  *Id.*

### B.  Petitioner's Habeas Petition.

Petitioner filed his Petition on August 6, 2025, claiming his detention violates the Fifth Amendment's Due Process Clause. Doc. No. 1, ¶¶ 18-20.  Specifically, Petitioner asserts his re-detention by ICE is unlawful due to his compliance with the conditions imposed by ICE after his release by the Immigration Court. *Id.,* ¶¶ 11-12.  As such, Petitioner asks this Court to order his immediate release, enjoin his transfer from Massachusetts and to award attorney's fees under the Equal Access Justice Act.  *Id.*, PRAYER FOR RELIEF.

### C.  Statutory and Regulatory Framework for Enforcement of Immigration Law.

The INA provides a statutory scheme for the civil detention of aliens pending a decision during removal proceedings as well as once a final order of removal has been entered.  *See generally* 8 U.S.C. §§ 1225, 1226, 1231.   The time and circumstances of entry, as well as the stage of the removal process, determines where an alien falls within this scheme and whether detention of the alien is discretionary or mandatory.

### 1.  Discretionary Detention under 8 U.S.C. § 1226(a).

For aliens who have entered the United States without inspection (like Petitioner), 8 U.S.C. § 1226 "generally governs the process of arresting and detaining . . . [noncitizens] pending their removal." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).   Section 1226(a) provides the default rule that an alien "may be arrested and detained pending a decision on

whether the alien is to be removed from the United States." *Id.* § 1226(a). As the Supreme Court has explained, this provision "creates authority for *anyone's* arrest or release under § 1226—and it gives the Secretary broad discretion as to both actions…." *Nielsen v. Preap*, 586 U.S. 392, 409 (2019) (emphasis in the original).

Pursuant to Section 1226(a), immigration authorities have discretion to arrest an alien subject to removal from the United States and then either continue detention or to release the alien on "bond … or conditional parole." *Id.* § 1226(a)(1)-(2). Per regulation, immigration authorities have discretion to release an individual under this statutory provision "provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the immigration officer opts for continued detention, the alien can seek review of that decision at a bond hearing before an IJ. *Id.* § 236.1(d)(1). At the bond hearing, ICE bears the burden of proof to demonstrate danger by clear and convincing evidence or flight risk by a preponderance of evidence. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

An IJ's custody decision may be appealed to the BIA by either party. 8 C.F.R. §§ 236.1(d)(3); 1003.19(f). ICE's filing of an appeal "shall not operate to delay compliance with the order (except as provided in § 1003.19(i))". 8 C.F.R. § 236.1(d)(4). Pursuant to 8 C.F.R. § 1003.19(i), the BIA "has the authority to stay the order of an immigration judge redetermining the conditions of custody of an alien when [ICE] appeals the custody decision or on its own motion." The regulation further provides that ICE "is entitled to seek a discretionary stay (whether or not on an emergency basis) from the Board in connection with such an appeal at any time." *Id.* Section 1003.19(i)(2) also provides ICE with authority to stay an IJ's bond order automatically, but such provision is not at issue in this case.

**2.    Revocation of Release under 8 U.S.C. § 1226(b).**

Pursuant to 8 U.S.C. § 1226(b), ICE "at any time may revoke a bond or parole authorized under [Section 1226(a)], rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(a). Consistent with this statutory authority, the relevant regulation explains that when an alien is released on bond "such release may be revoked at any time in the discretion of [certain immigration officers], in which event the alien may be taken into physical custody and detained." 8 C.F.R. §§ 236.1(c)(9). When an alien is taken back into custody, "any outstanding bond shall be revoked and canceled." *Id.* The alien can seek a bond hearing to contest ICE's decision to revoke bond and re-detain. 8 C.F.R. § 236.1(d)(1).

## STANDARD OF REVIEW

It is axiomatic that "[t]he district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allopath Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Title 28 U.S.C. § 2241 provides district courts with jurisdiction to hear federal habeas petitions unless Congress had separately stripped the court of jurisdiction to hear the claim.

To warrant a grant of writ of habeas corpus, the burden is on the petitioner to prove that his custody is in violation of the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner."); *Farrell v. Lanagan,* 166 F.2d 845, 847 (1st Cir. 1948) ("The burden of proof is on the petitioner to establish denial of his constitutional rights. The court must be convinced by a preponderance of evidence.").

## ARGUMENT

A.  __Petitioner Fails to Name an Appropriate Respondent to this Action__.

Petitioner filed the Petition pursuant to 28 U.S.C. § 2241 which provides in relevant part that "[w]rits of habeas corpus may be granted by … the district courts within their respective jurisdictions" where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  A writ of habeas corpus granted by a district court "shall be directed to the person having custody of the person detained."  28 U.S.C. § 2243.  A district court therefore must have jurisdiction over the custodian because the "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Vasquez v. Reno*, 233 F.3d 688, 690 (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)).

In *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), the Supreme Court made clear an individual challenging her detention through a habeas petition must file that petition in the district where she is detained and must name the custodian detaining her in such district as the respondent.  The Supreme Court explained that when considering "challenges to present physical confinement … the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."  *Id.* at 439.  The Court stated that "there is generally only one proper respondent to a given prisoner's habeas petition," the immediate custodian who has "the ability to produce the prisoner's body before the habeas court."  *Id.*  As such, "the proper respondent is the warden of the facility where the prisoner is held, not the Attorney General or some other remote supervisory official."  *Id.* at 435.  The First Circuit, in *Vasquez,* similarly held that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by [ICE] normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." 233 F.3d at 690.

Likewise, courts within this district routinely hold that they lack jurisdiction over a habeas petition if the alien names improper respondents such as supervisory officials like the ICE Boston Field Office Director ("FOD"), even if this individual provides oversite throughout the New England region.  For example, in *Duy Tho Hy v. Gillen*, 588 F. Supp. 2d 122, 124-25 (D. Mass. 2008), the Court held that the ICE FOD was not a proper party, explaining that "[b]ecause the petitioner's *immediate* custodian is the only proper respondent, a supervisory officer of any kind, … is not a proper party."  *Id.* at 125 (emphasis in original)*.  See also McPherson v. Holder*, No. 14-CV-30207-MGM, 2015 WL 12861171, at *2 (D. Mass. Mar. 4, 2015) (Explaining that "under First Circuit jurisprudence, [the] Attorney General [] does not have day-to-day control over the facility where the petitioner is held. Thus, petitioner has not named the proper respondent, and on this basis alone, the petition may be dismissed without prejudice to its refiling with the correct respondent."); *Pen v. Sessions*, No. CV 17-10626-NMG, 2017 WL 2312822, at *1–2 (D. Mass. May 25, 2017) (Holding that "the proper respondent is the warden of the institution where Pen was confined when the petition was filed. … The other persons identified as respondents are not proper parties to this action.").

Considering the above, dismissal of this Petition is proper as Petitioner inappropriately named supervisory officials, rather than his immediate custodian at Plymouth County, and no exceptional circumstances excused the naming of his immediate custodian.

**B.  Petitioner is Lawfully Detained Pursuant to Statute, Regulation, and the Constitution.**

Additionally, ICE's detention of Petitioner is authorized by statute, regulation, and comports with the Constitution.  As such, this Petition must be denied.

**1.  Petitioner's Detention is Authorized by Statute and Regulation.**

Petitioner's assertion that his detention is unlawful because he has not violated any

conditions of his release after the IJ granted him bond is without merit because ICE's authority to re-detain Petitioner stemmed from 8 U.S.C. § 1226(b) which allows ICE to revoke his prior release "at any time" and to arrest and detain thereafter.  Similarly, 8 C.F.R. § 236.1(c)(9) provides that an alien's prior release "may be revoked at any time in the discretion of the [certain immigration officials] in which event the alien may be taken into physical custody and detained." Upon the revocation of his bond, ICE's detention authority is derived from 8 U.S.C. § 1226(a) which allows for the detention of aliens for the purpose of removal proceedings.

Petitioner essentially argues that ICE had no lawful authority to re-detain him because he has complied with all bond conditions post-release.  Doc. No. 1, ¶ 13.  This argument, however, is without merit.  ICE is not required by statute nor regulation to determine that an individual has violated a condition of release or to cite to changed circumstances from the time of the prior release.  Petitioner cannot graft new statutory or regulatory requirements to prevent his re-detention as there is nothing in statute nor regulation that suggests that any procedural protections are required prior to re-arrest.

Faced with an argument that Section 1226(b) required ICE to provide "procedural protections" such as "notice of the intention to revoke parole, service of the evidence justifying revocation, a hearing before a neutral arbitrator … the right to counsel, and the right to appeal an adverse decision" prior to revoking a prior release and re-detaining an individual, a district court stated that "nothing" in Section 1226(b) "even hints that the procedural protections listed in petitioner's brief are required." *Bermudez Paiz v. Decker*, No. 18CV4759GHWBCM, 2018 WL 6928794, at *17 (S.D.N.Y. Dec. 27, 2018).  Explained further, the court stated that "there is no plausible interpretation of § 1226(b) that would transform it from a statute granting the Secretary uncabined revocation authority into a laundry list of restrictions on that authority." *Id.*

Other courts have recently found the same.  *See e.g., Salvador F.-G. v. Noem,* No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *8 (N.D. Okla. June 12, 2025) (Rejecting "claim that DHS has no authority to revoke a bond issued by an immigration judge" as the "plain language of § 1226(b) provides DHS broad authority."); *Tomlinson v. Swartz,* No. 24-24844-CV, 2025 WL 1568213, at *3 (S.D. Fla. Jan. 31, 2025) (Explaining that "whether Petitioner was previously released on bond does not preclude revocation of his bond at a later date.").  In *Salvador F.-G*, the court explained further that there is "nothing in the plain language of [1226](b) imposing a requirement of changed or materially changed circumstances."  2025 WL 1669356 at *9.

 ICE's ample authority to revoke a prior release is reiterated by regulation and nothing within such regulation requires additional procedures or a finding of changed circumstances prior to re-arrest.  8 C.F.R. § 236.1(c)(9) ("such release may be revoked at any time in the discretion of [immigration officials] in which event the alien may be taken into physical custody and detained.").  *See Salvador F.-G.,* 2025 WL 1669356, at *9 (Explaining that the "implementing regulation is likewise broad [and] nothing in the statute or the regulation even hints at a change in circumstances requirement.").

Here, even if there was a requirement for changed circumstances prior to ICE's revocation of bond and re-arrest, such requirement would certainly have been met by the BIA's grant of ICE's motion to stay the IJ's bond order.  With such stay, the BIA has signaled that ICE has demonstrated a likelihood of success on the merits of its claim that the IJ erred in finding that ICE failed to meet its burden to demonstrate Petitioner should not be released on account of danger to the community.  *See Nken v. Holder*, 556 U.S. 418, 425-426 (2009).  Accordingly, Petitioner's contention that there "is no rational basis for detention" completely misses the mark

as is ignores the BIA's grant of ICE's motion to stay the IJ's order releasing Petitioner from

custody.  In sum, Petitioner's detention is fully supported by statute and regulation and his claim

that his arrest is unlawful because he did not violate a condition of his release is without merit.

    **2.  Petitioner's Detention Comports with the Constitution.**

    Petitioner also contends that his detention violates the Constitution.  Nonetheless, this

claim fails as the Supreme Court has repeatedly "recognized detention during deportation

proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538

U.S. 510, 523 (2003); *Wong Wing v. U.S.* 163 U.S. 288, 235 (1896) (holding deportation

proceedings "would be vain if those accused could not be held in custody pending the inquiry

into their true character.").

    Here, Petitioner claims that "his detention without individualized review or justification

violates the Due Process Clause." Doc. No. 1, ¶ 19.  Petitioner fails to develop this argument, but

to the extent Petitioner asserts that he is entitled under the Constitution to notice or a hearing prior

to his re-detention, such argument is without merit.  Alternatively, if Petitioner is challenging the

BIA's grant of ICE's motion for a stay of the IJ's bond order as constitutionally infirm, this claim

also fails.  And, as noted earlier, Petitioner has a bond hearing scheduled for August 14, 2025, and

such hearing satisfies due process as explained by the First Circuit in *Hernandez Lara*.  10 F.4th

at 39-41.

    Multiple courts have concluded that the Fifth Amendment's Due Process Clause does not

require a pre-detention hearing or notice to an alien prior to re-arrest under ICE's authority set

forth in Section 1226(b).  For example, in *Reyes v. King*, the court explained that it was "not

persuaded that it should find a due process right to a pre-detention hearing where a noncitizen,

subject to pending removal proceedings and in the midst of litigating a dispute over the BIA's

decision to revoke his bond, is at risk of being re-detained after being at liberty for more than two years." No. 19 CIV. 8674 (KPF), 2021 WL 3727614, at *10 (S.D.N.Y. Aug. 20, 2021). In *Reyes,* the court explained that this was not a case where the petitioner, "if re-detained, stands to be held indefinitely, or contemplates that he will not receive any further process as to his entitlement to release on bond." *Id.* at *11. The court noted that the petitioner had already once sought a bond hearing, "and may seek further process if re-detained." *Id.*

Similarly, in *Uc v. Decker*, a petitioner sought habeas relief to forestall his re-detention after the BIA sustained ICE's bond appeal and ICE moved to re-detain the petitioner. No. 22-CV-04369-CRB, 2022 WL 9496434, at *3 (N.D. Cal. Oct. 14, 2022). The district court, however, declined to find a protected liberty interest in petitioner's conditional release, noting that the petitioner "always knew that his release was subject to appellate review." *Id.* The court explained that "the government's interest in being able to meaningfully appeal an IJ's bond determination to the BIA would be seriously undermined should this Court order that whenever the BIA reverses an IJ's bond order, a petitioner cannot be re-detained unless there is another IJ bond hearing." *Id.* at * 4. As such, the court found that the petitioner's "liberty interest does not entitle him to an additional bond hearing with an IJ before he can be re-detained following the BIA's order reversing his release on bond." *Id.* at * 5. The court also explained that there was no constitutional violation in the re-detention of petitioner based on the time that elapsed (two years) between the IJ's bond decision and the BIA's appellate decision, explaining that "[t]here will always be some period of time between the IJ's decision and the BIA's decision, during which a petitioner out on bond will live his or her life." *Id.* at *5 n. 7. *See also Abreu v. Rivera*, No. 25-20821-CIV, 2025 WL 2163051, at *8 (S.D. Fla. May 12, 2025) ("Petitioner's argument

that his detention violates due process, because he was previously given a bond – so, his detention does not serve any legitimate statutory purpose – is also unpersuasive.")

Here, ICE's detention of Petitioner serves a legitimate purpose – to ensure his presence for removal proceedings and to protect the public from his commission of additional serious criminal activity – and Petitioner can challenge his re-detention with another bond hearing before an IJ and through the filing of a motion to reconsider the BIA's order staying his release and through his appellate arguments before the BIA. As such, ICE's re-detention of Petitioner after the BIA stayed his release was done on account of a valid justification and he is not without remedy to challenge such detention, but such challenge cannot be presented to this Court.

Additionally, to the extent Petitioner challenges on due process grounds the BIA's allowance of ICE's motion to stay the IJ's bond order, this claim fails. As explained by the district court in *El-Dessouki,* no procedural due process violation occurs when "the BIA reviewed the particular circumstances of petitioner's case and the merits of ICE's request and determined that an emergency stay [was] warranted under the circumstances." 2006 WL 2727191, at *3. Stated further, "disagreement with the BIA's expeditious resolution of ICE' s motion in ICE' s favor does not rise to a level of a violation of his right to procedural due process." *Id.* The court also found no substantive due process violation, explaining that petitioner did not face indefinite detention, that the government had strong "interest in preventing flight of aliens likely to be ordered removable and in protecting the community" and, therefore, "petitioner's temporary detention pursuant to 8 C.F.R. § 1003.19(i)(1) pending ICE's appeal to the BIA does not violate his right to substantive due process." *Id.*

Other courts have similarly found no due process violation in detention after the BIA allows a stay of an IJ's bond order. *See e.g.*, *Hussain v. Gonzales*, 492 F. Supp. 2d 1024, 1032

14

(E.D. Wis.), *aff'd sub nom. Hussain v. Mukasey*, 510 F.3d 739 (7th Cir. 2007) ("It is difficult to see how DHS's exercise of its responsibilities within that system operates as a denial of due process."); *Zavala v. Ridge*, 310 F. Supp. 2d 1071, 1077 (N.D. Cal. 2004) ("The emergency stay provision found in 8 C.F.R. § 1003.19(i)(1) presents an appropriate and less restrictive means whereby the government's interest in seeking a stay of the custody redetermination may be protected without unduly infringing upon Petitioner's liberty interest."); *Bezmen v. Ashcroft*, 245 F. Supp. 2d 446, 451 (D. Conn. 2003) (same).

Courts have recognized that due process is not violated by the BIA's grant of a motion to stay because a petitioner can file a motion in opposition to the stay request or can file a motion for reconsideration of the stay if granted, as Petitioner has done here.  *See e.g., A. v. Garland*, No. 23-CV-1696 (PJS/TNL), 2023 WL 8469655, at *1–2 (D. Minn. Dec. 7, 2023) (Finding no due process violation in the BIA's grant of a motion to stay release as petitioner "was able to make his arguments in his (pending) motion for reconsideration."); *Organista v. Sessions*, No. CV-18-00285-PHX-GMS (MHB), 2018 WL 776241, at *3 (D. Ariz. Feb. 8, 2018) (finding that petitioner who did not receive opportunity to contest discretionary stay of release had not shown likelihood of success on claim that he had not received sufficient opportunity to be heard, given availability of reconsideration motion as post-deprivation remedy).

To ensure an alien's detention under Section 1226(a) comported with the Fifth Amendment's Due Process Clause, the First Circuit in *Hernandez-Lara* held that the government must bear the burden of proof at a bond hearing before an IJ.  10 F.4th at 39-41.  But the First Circuit cast no aspersion as to the constitutionality of detention of aliens under § 1226(a) by ICE generally and instead recognized that the "prompt execution of removal orders is a legitimate governmental interest which detention may facilitate.") (cleaned up).

Here, there is no dispute that Petitioner is detained for the limited purpose of removal proceedings, and he can seek another bond hearing and pursue relief from removal.  His detention is not indefinite, it will end upon an order of release from an IJ or upon the conclusion of his proceedings.  As another session of this Court recently recognized, a brief period of detention for the purpose of removal proceedings or to effectuate removal does not violate the constitution.  *See Dambrosio v. McDonald, Jr.*, No. 25-CV-10782-FDS, 2025 WL 1070058, at *2 (D. Mass. Apr. 9, 2025) (Recognizing that detention "for a period of less than three months' time … does not amount to an unconstitutional duration.").   As such, Petitioner's detention does not violate the Constitution and his due process claim fails.[2]  *See Wong Wing,* 163 U.S. at 235 ("We think it clear that detention, or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens would be valid").

**C.  8 U.S.C. § 1226(e) Bars Review of the BIA's Stay Order or ICE's Decision to Detain Petitioner.**

This Court also lacks jurisdiction to review the BIA's decision to grant ICE's stay motion and ICE's discretionary decision to arrest and detain Petitioner.  Petitioner's recourse to challenge ICE's revocation of his release and his re-detention lies with the Immigration Court and the BIA, not this Court as Congress has made clear that "discretionary judgment[s]

---

[2] Petitioner also references his approved "Special Juvenile Immigration Petition" [sic] in his Petition.  Doc. No. 1, ¶ 15.  To the extent he attempts to claim that this approval represents a barrier to his detention, he is wrong.  *See Benito Vasquez v. Moniz*, No. CV 25-11737-NMG, 2025 WL 1737216, at *2 (D. Mass. June 23, 2025) ("The fact that petitioner has been given special immigrant juvenile ("SIJ") status has no effect on ICE's statutory and regulatory authority to detain him. Other federal courts have routinely recognized that SIJ status alone does not render an alien lawfully present in the country and thus does him to release, nor does it prevent the government from affecting his removal.").

regarding the application of [Section 1226] shall not be subject to review." 8 U.S.C. § 1226(e). Section 1226(e) further commands that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *Id.*

As the Supreme Court explained in *Demore*, 538 U.S. at 516-17, this provision blocks judicial review of discretionary judgments and decisions by immigration officials regarding the arrest, detention, and bond of aliens subject to 8 U.S.C. § 1226. *See also Jennings*, 583 U.S. at 295-96 (Section "1226(e) precludes an alien from challenging a discretionary judgment by the [Secretary] or a decision that the [Secretary] has made regarding his detention or release.") (cleaned up). The Supreme Court in *Jennings* explained that Section 1226(e) would not bar jurisdiction of a challenge to "the extent of the Government's detention authority under the statutory framework as a whole." *Id.* Jurisdiction would also not be stripped if the challenge was to "the constitutionality of the entire statutory scheme under the Fifth Amendment." *Id.*

But, if the challenge is simply to an IJ or BIA decision regarding bond under Section 1226(a) or ICE's discretionary decision to arrest and detain an alien, as Petitioner has set forth here, then Section 1226(e) squarely applies to strip a court of jurisdiction to review such action. *See Nielsen*, 586 U.S. at 401 (Explaining that Section 1226(e) "applies only to 'discretionary' decisions about the 'application of § 1226 to particular cases.").

Courts within this district recognize that Section 1226(e) prohibits judicial review of bond decisions made by the IJ or the BIA under Section 1226(a). In *Flores-Powell v. Chadbourne*, 677 F. Supp. 2d 455, 474–75 (D. Mass. 2010), the Court explained that "that Congress has evinced clear and unequivocal intent that discretionary bail determinations under § 1226(a) should be made by the Attorney General or those to whom he has delegated this

function." Citing Section 1226(e), the Court acknowledged that it lacked "jurisdiction to review a discretionary bail determination made pursuant to § 1226(a)." *See also Hamada v. Gillen*, 616 F. Supp. 2d 177, 181 (D. Mass. 2009) (Concluding that district court lacks jurisdiction under Section 1226(e) to review decision by the IJ and the BIA to detain and deny bond to alien).

Other courts similarly conclude that Section 1226(e) strips courts of jurisdiction to review IJ or BIA bond determinations, including whether to stay release pending appellate review. *See e.g., Martinez v. Clark,* 36 F.4th 1219, 1228 (9th Cir. 2022) (The "determination of whether a particular noncitizen poses a danger to the community is a discretionary determination, which a federal court may not review" per Section 1226(e)); *Arevalo-Guasco v. Dubois*, 2019 WL 4419380, at *2 (2d Cir. Sept. 17, 2019) (Court lacks jurisdiction to review findings regarding whether petitioner is a danger to the community); *A.*, 2023 WL 8469655, at *1 (Explaining that "the Court has doubts about whether it has jurisdiction to essentially review and reverse an order of the BIA granting a stay pending the BIA's resolution of an administrative appeal.").

And courts also recognize that ICE's decision to seek a stay of an IJ bond order or its decision to re-arrest an individual after the BIA grants a stay of release is also insulated by Section 1226(e) from judicial review. *See Hussain*, 429 F. Supp. 2d at 1024 ("To the extent the challenged regulation represents the judgment of [ICE] as to how best implement the authority granted him by 8 U.S.C. § 1226, judicial review may be barred by § 1226(e)."); *Pisciotta*, 311 F. Supp. 2d at 453 (Finding no jurisdiction over claim challenging ICE's "determination that he should be detained without bond, despite his previous conditions of custody, which permitted his release on $12,000 bond.); *Salvador F.-G.*, 2025 WL 1669356, at *5 (Dismissing for lack of jurisdiction any claim "that could be understood as seeking habeas review of discretionary decisions made by DHS to revoke petitioner's bond and to detain him pending conclusion of his

removal proceedings.").  Thus, this Court lacks jurisdiction to review the BIA's decision to stay

Petitioner's release or ICE's discretionary decision to re-detain him.

**D.  <u>Petitioner has Failed to Exhaust his Administrative Remedies</u>.**

While Petitioner seemingly claims that he is not a danger to the community nor a flight risk

and therefore he should not be detained, as the First Circuit has explained, "it is Congress—not

the judiciary—that has the responsibility of prescribing a framework for the vindication of those

rights."  *Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 24

(1st Cir. 2007).  Here, Congress has established a statutory framework in which Petitioner can seek

release from detention while pursuing relief from removal.  Explained further by the First Circuit,

"[w]hen Congress speaks clearly and formulates a regime that satisfies constitutional imperatives,

the courts must follow Congress's lead."  *Id.*  This remains the case "whether a court approves or

disapproves of an agency's *modus operandi*."  *Id.*

Additionally, to the extent Petitioner is claiming that his detention is unwarranted because

he is not a danger to the community or a flight risk, such claim should be presented to an IJ in a

bond hearing, not to the district court via a Habeas Petition.  This failure to exhaust also provides

a basis for dismissal of this Petition.  As the First Circuit has explained, "[g]enerally speaking, a

plaintiff's failure to exhaust "her administrative remedies precludes her from obtaining federal

review of claims that would have properly been raised before the agency in the first instance."

*Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021).  While there is no statutory mandate to exhaust

a claim for release that could be made to an IJ prior to presenting such claim to the district court,

common-law exhaustion "allows an agency the first opportunity to apply its expertise and obviates

the need for judicial review in cases in which the agency provides appropriate redress."  *Id.* at 256

(cleaned up) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 175–76 (1st Cir.

2016)).  Here, Petitioner can seek release from detention though a bond hearing.  He can appeal a

bond decision to the BIA if necessary.  As such, Petitioner has access to the relief he requests from

this Court which weighs in favor of requiring exhaustion and denying this Petition.

## **CONCLUSION**

For the reasons set forth above, the Petition should be denied.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: August 11, 2025          By:      */s/ Mark Sauter*_____
Mark Sauter
Michael Sady
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3347
Email: mark.sauter@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed
through the ECF system will be sent electronically to the registered participants as identified on
the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-
registered participants.

Dated:  August 11, 2025          By:      */s/ Mark Sauter*
Mark Sauter
Assistant United States Attorney